# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-50949
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN PABLO CALVILLO-CASTRO, also known as Juan Pablo Castro,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1057-KC-ALL

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Pablo Calvillo-Castro appeals the 57-month sentence imposed following his guilty plea conviction for illegal reentry after deportation, a violation of 8 U.S.C. § 1326. He argues that the sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a) and that, in light of *Kimbrough v. United States*, 552 U.S. 85 (2007), a presumption of reasonableness does not apply to his within-guidelines sentence because U.S.S.G. § 2L1.2 is not supported by empirical data. Calvillo also contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Sentencing Guidelines produce unwarranted sentencing disparities because of the random availability of "fast track" programs.

This court has consistently rejected Calvillo's "empirical data" argument, concluding that *Kimbrough* does not question the presumption of reasonableness and does not require district or appellate courts to independently analyze the empirical grounding behind each individual guideline. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099). As Calvillo concedes, the argument that his sentence was unreasonable because it resulted in an unwarranted disparity between defendants to whom the "fast track" program is available and those to whom it is not available is foreclosed by current circuit precedent. *United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

Calvillo has not rebutted the presumption that his properly calculated guidelines sentence was reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554–55 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.